UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| ANGENETT FORD, <br> Plaintiff, <br> v. <br> MICHAEL J. ASTRUE, <br> Commissioner of Social Security, <br> Defendant. | NO. EDCV 09-1080 AGR <br><br> **MEMORANDUM OPINION AND ORDER** |

Angenett Ford filed this action on June 19, 2009. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before Magistrate Judge Rosenberg on July 9 and 16, 2009. (Dkt. Nos. 8-9.) On January 26, 2010, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The Court has taken the matter under submission without oral argument.

Having reviewed the entire file, the Court affirms the decision of the Commissioner.

///

///

///

///

# I.

## PROCEDURAL BACKGROUND

On May 7, 2007, Ford filed applications for disability insurance benefits and supplemental security income benefits. Administrative Record ("AR") 9. In both applications, Ford alleged a disability onset date of February 28, 2007. *Id.* The applications were denied initially and upon reconsideration. AR 50-53. Ford requested a hearing before an Administrative Law Judge ("ALJ"). AR 69. On January 16, 2009, the ALJ conducted a hearing at which Ford and a lay witness testified. AR 19-49. On March 16, 2009, the ALJ issued a decision denying benefits. AR 6-15. On May 13, 2009, the Appeals Council denied the request for review. AR 1-3. This action followed.

# II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the Court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.
# DISCUSSION

## A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

## B. The ALJ's Findings

The ALJ found that Ford meets the insured status requirements through December 31, 2011.  AR 11.

Ford has "severe impairments in the musculoskeletal system." *Id.* She has the residual functional capacity to perform light work. "Specifically, the claimant is able to lift and/or carry 20 pounds occasionally and 10 pounds frequently. Out of an 8-hour workday, the claimant is able to stand and/or walk for 6 hours and sit for 6 hours. She is able to occasionally, climb, stoop, and crouch. The claimant should avoid work that requires fine discrimination or constant use of her eyes at close work. She should avoid working with hand-fed and hazardous machinery." AR 12.

The ALJ found that Ford is able to perform her past relevant work as a fast food worker and assembler as it was actually and generally performed in the national economy. AR 14-15.

## C. Treating Podiatrist

On January 7, 2008, a podiatrist, Dr. Lee, opined that Ford was disabled from returning to her regular or customary work during the period January 7, 2008 through April 7, 2008. AR 181. Ford contends the ALJ ignored this opinion. JS 4.

The ALJ noted Dr. Lee's medical records. AR 14. The ALJ found that Ford's plantar fasciitis and plantar keratosis "do not significantly limit her ability to do basic work for 12 consecutive months." AR 11. Ford was treated with mild conservative care, including stretching, orthotics, steroid anesthetic injections, and debridement, and "would not further reduce the claimant's residual functional capacity. AR 11, 14.

Although the ALJ addressed Dr. Lee's medical records as a whole without singling out the opinion of temporary disability, the decision is clear as to the basis for the ALJ's finding that Ford's foot condition did not further reduce her residual functional capacity. *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) ("As a reviewing court, we are not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion."). The ALJ's description of Dr. Lee's diagnosis and treatment is supported by substantial evidence. Dr. Lee's opinion of disability for a period of three months is not inconsistent with the ALJ's finding. Ford's argument that the ALJ implicitly rejected Dr. Lee's opinion is incorrect. The ALJ did not err.

**D. Lay Witness**

"In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout v. Comm'r*, 454 F.3d 1050, 1053 (9th Cir. 2006). "Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *see Valentine v. Comm'r, SSA*, 574 F.3d 685, 694 (9th Cir. 2009).

The ALJ found that lay witness Eugene Devine's testimony, "even at full face value," did not preclude light work. The ALJ further found that Devine's testimony was inconsistent with Ford's testimony. AR 13. As the ALJ noted, Ford testified that she takes arthrotec 75 for arthritis. AR 13, 22-24. The

4

medication stops the pain completely, to zero. AR 26-27. She usually takes the medication once a day. AR 28. For back pain, Ford takes ibuprofen, which stops the pain completely. AR 33-34. For wheezing, Ford uses an inhaler which helps. AR 34-35. For foot pain, she receives injections in her feet every two months. AR 32.

Devine testified that he stops by for 30-60 minutes, three times per week. AR 46. He does whatever Ford wants done, including vacuuming, washing the dishes, taking out the trash, making up the bed, and cleaning the bathroom. AR 45. When he is there, Ford normally sits on the couch with her feet up and says her feet are bothering her. AR 46. Once, when Ford was trying to "cut the yard," Devine took over for her. Ford became out of breath and used the inhaler. AR 46-47.

Contrary to Ford's argument, the ALJ accepted Devine's testimony about his observations at face value. Ford argues Devine testified she cannot do chores. JS 6. Devine testified that "when I get there, she can't get up." AR 45. When asked what he meant by "she can't get up," Devine responded that "when I get there, she's normally sitting on the couch" and when he asks if she is okay, she says "her feet are bothering her." AR 45-46. It is the ALJ's province to resolve ambiguities in the evidence. *Magallanes*, 881 F.2d at 750. The ALJ reasonably interpreted Devine's testimony to mean that he believed she could not get up because that is what she told him. As discussed below, the ALJ discounted Ford's credibility. The ALJ did not err.

**E. Examining Physician**

Ford argues the ALJ improperly ignored the opinion of examining physician Dr. Pourrabbani.

An examining physician's opinion constitutes substantial evidence when it is based on independent clinical findings. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). An ALJ may reject an uncontradicted examining physician's medical

5

opinion based on "clear and convincing reasons." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (citation and quotation marks omitted). When an examining physician's opinion is contradicted, "it may be rejected for 'specific and legitimate reasons that are supported by substantial evidence in the record.'" *Id.* at 1164 (citation omitted). An examining physician's opinion constitutes substantial evidence when it is based on independent clinical findings. *Id.*

Dr. Pourrabbani's functional assessment was that Ford could "lift or carry 20 pounds occasionally and 10 pounds frequently. She can stand or walk for 6 hours in an 8-hour day. She can sit for 6 hours in an 8-hour day. Push and pull are unlimited in both the upper and lower extremities. She does have postural limitations including kneeling, bending, stooping, crawling, and climbing, which can be performed frequently. There are no manipulative, visual, communicative or environmental limitations." AR 140.

As Ford acknowledges, the ALJ discounted the examining physician's opinion to the extent the one-time examination "did not adequately account for the claimant's allegations of back pain and visual limitations." AR 14. The ALJ therefore adopted the more *restrictive* RFC from the state agency physicians that limited Ford to occasional postural activities, precluded work that required fine discrimination or constant use of her eyes at close work, and precluded work with hand-fed and hazardous machinery. AR 12, 14. To the extent the ALJ discounted Dr. Pourrabbani's opinion, he did so in Ford's favor. The ALJ did not err.

### F. Credibility

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007).

First, "the ALJ must determine whether the claimant has presented

6

objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). The ALJ found that Ford's medically determinable impairments could reasonably be expected to cause her symptoms. AR 13.

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (citations omitted). "In making a credibility determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted). "[T]o discredit a claimant's testimony when a medical impairment has been established, the ALJ must provide specific, cogent reasons for the disbelief." *Orn*, 495 F.3d at 635 (citations and quotation marks omitted). "The ALJ must cite the reasons why the claimant's testimony is unpersuasive." *Id.* (citation and quotation marks omitted). The ALJ may consider (a) inconsistencies or discrepancies in a claimant's statements; (b) inconsistencies between a claimant's statements and activities; (c) exaggerated complaints; and (d) an unexplained failure to seek treatment. *Thomas*, 278 F.3d at 958-59.

The ALJ found that Ford's statements concerning the intensity, persistence and limiting effects of her symptoms were not credible to the extent they were inconsistent with the RFC. AR 14. The ALJ discounted her credibility for three reasons: (1) inconsistency in Ford's statements; (2) conservative treatment; and (3) allegations unsupported by medical evidence. AR 13.

7

The ALJ found that Ford's statements were inconsistent. AR 13.[1] The ALJ's finding is supported by substantial evidence. Ford testified she experiences constant pain at the level of 10, and stands for about five minutes and sits for ten minutes. AR 23-24, 30. On the other hand, Ford testified that she takes arthrotec 75, usually once a day, which stops the arthritic pain completely to zero. AR 13, 22-24, 26-28. Ibuprofen stops the back pain completely. AR 33-34. Although Ford identified back pain as a reason she could not work (AR 22), the ALJ noted that she also testified the back pain comes "once in a while," maybe once a month. AR 33. An inhaler helps the wheezing. AR 34-35. For foot pain, she receives injections in her feet every two months. AR 32. Whereas Ford's questionnaire indicates she did not require naps or rest periods during the day (AR 109), the ALJ noted Ford's testimony that she lies down for 20 minutes, three times a day. AR 13. Whereas Ford testified that her left leg gives out (AR 29), Ford denied any numbness or weakness in the lower extremities to the examining physician. AR 136.

"[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007); *see also Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008). Ford does not dispute that she is treated with medications, injections and debridement. JS 15; AR 11, 13; *E.g., Tommasetti*, 533 F.3d at 1040 (describing physical therapy and anti-inflammatory medication as conservative treatment).[2]

Although lack of objective medical evidence supporting the degree of

---

[1] Ford argues that the ALJ incorrectly found Ford does not take medication. JS 14. Ford mischaracterizes the ALJ's decision. The ALJ correctly noted that Ford stated in her Exertional Daily Activities Questionnaire that she does not take medications. AR 12-13, 109. The ALJ also noted Ford's testimony at the hearing that she takes medications that relieve her pain. AR 13.

[2] Impairments that can be controlled effectively with medication are not considered disabling. *See Warre v. Comm'r of the SSA*, 439 F.3d 1001, 1006 (9th Cir. 2006).

8

limitation "cannot form the sole basis for discounting pain testimony," it is a factor that an ALJ may consider in assessing credibility. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

The ALJ's credibility finding is supported by substantial evidence. "If the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing." *Thomas*, 278 F.3d at 959.

### G. Past Relevant Work

"At step four of the sequential analysis, the claimant has the burden to prove that he cannot perform his prior relevant work 'either as actually performed or as generally performed in the national economy.'" *Carmickle*, 533 F.3d at 1166 (citation omitted). "Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion." *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001). The ALJ must make "specific findings as to the claimant's residual functional capacity, the physical and mental demands of the past relevant work, and the relation of the residual functional capacity to the past work." *Id.* at 845; Social Security Ruling ("SSR") 82-62;[3] *see also* 20 C.F.R. §§ 404.1520(e), 416.920(e). The ALJ is not required to make explicit findings as to whether a claimant can perform past relevant work both as generally performed and as actually performed. *Pinto,* 249 F.3d at 845.

The ALJ found that Ford could return to her past relevant work as a fast foods worker and assembler, both as actually and generally performed. AR 14-15. The ALJ correctly found that the fast foods worker job was unskilled light work. AR 15; *see* Dictionary of Occupational Titles ("DOT") 311.472-010 (fast

---

[3] Social Security rulings do not have the force of law. Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

foods worker).  The DOT raises a rebuttable presumption as to job classification. *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995).

The Commissioner does not appear to dispute Ford's argument that she cannot return to her past relevant work as actually performed.  Instead, the Commissioner argues that there is no inconsistency between Ford's RFC and her past relevant work as generally performed.  JS 22.  "[T]he full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday."  SSR 83-10.  Crouching is limited to occasional.  *Id.*  Ford does not identify any inconsistency between her RFC and the DOT description of fast foods worker.

### H. Vocational Expert

Ford argues that the ALJ was required to call a vocational expert at step five of the sequential analysis because she has nonexertional limitations not contemplated by the grids.  JS 22-23.  Here, however, the ALJ determined that Ford's RFC did not preclude her from performing her past relevant work at step four.  AR 15.  This determination made it unnecessary for the ALJ to proceed to the fifth step, and the ALJ did not err in failing to call a vocational expert.  *See Crane v. Shalala*, 76 F.3d 251, 255 (9th Cir. 1995).

## IV.
## **ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: August 2, 2010

ALICIA G. ROSENBERG
United States Magistrate Judge

10